*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 20-BG-487

IN RE CHERYL MOAT TAYLOR, RESPONDENT.

A Member of the Bar of the District of Columbia Court of Appeals
(Bar Registration No. 448435)

On Report and Recommendation of the Board on Professional
Responsibility Ad Hoc Hearing Committee
Approving Petition for Negotiated Discipline
(DDN 303 & 304-17)

(Decided: January 7, 2021)

Before MCLEESE and DEAHL, *Associate Judges*, and STEADMAN, *Senior Judge*.

PER CURIAM: This decision is non-precedential. Please refer to D.C. Bar R. XI, § 12.1(d) regarding the appropriate citation of this opinion.

In this disciplinary matter, the Ad Hoc Hearing Committee (the Committee) recommends approval of an amended petition for negotiated attorney discipline. *See* D.C. Bar R. XI, § 12.1(c). The amended petition is based on Respondent's voluntary acknowledgment that Respondent failed to provide two separate clients competent representation.

Respondent acknowledged that during her representation of these clients she (1) failed to reasonably inform her client about the status of a matter, (2) failed to keep and preserve complete records of trust funds, (3) failed to keep advanced fees in a trust account, (4) failed to withdraw from representation when a physical or mental condition materially impaired her ability to represent her client, (5) failed to surrender papers, and (6) charged an unreasonable fee. As a result, Respondent violated D.C. Rules of Professional Conduct 1.4(a); 1.5(a); 1.15(a), (b), & (e); and 1.6(a)(2) & (d). The proposed discipline is a ninety-day suspension, fully stayed in favor of a two-year period of probation with conditions. In the event Respondent violates the conditions of probation, she will serve the term of suspension with reinstatement conditioned upon proof of fitness.

Having reviewed the Committee's recommendation in accordance with our procedures in uncontested disciplinary cases, *see* D.C. Bar R. XI, § 12.1(d), we agree this case is appropriate for negotiated discipline and, in light of the mitigating circumstances, including respondent's medical issues, the proposed disposition is not unduly lenient or inconsistent with dispositions imposed for comparable professional misconduct. Accordingly, it is

ORDERED that Respondent Cheryl Moat Taylor is hereby suspended from the practice of law in the District of Columbia for ninety days with reinstatement

conditioned upon proof of fitness, fully stayed in favor of a two-year period of probation subject to the following conditions: Respondent shall (1) not engage in any misconduct in this or any other jurisdiction; (2) engage with the D.C. Bar Lawyer Assistance Program for monitoring and treatment related to her medical issues; and (3) within ninety days attend the D.C. Bar Practice Management Advisory Service's Basic Training & Beyond courses and the Ethics and Trust Accounts CLE. If Disciplinary Counsel has probable cause to believe Respondent has violated the conditions of her probation, Disciplinary Counsel may seek to revoke it, *see* D.C. Bar R. XI, § 3 and D.C. Board R. 18.3, and request she serve the entire suspension. Additionally, if Respondent violates her probation, we direct her attention to D.C. Bar R. XI, § 14(g), which requires the filing of an affidavit with this court for purposes of reinstatement conditioned on a showing of fitness to practice law in accordance with D.C. Bar R. XI, § 16 and D.C. Board R. 9.

*So ordered.*